IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL PEREZ, § | | |
|     Plaintiff, § | | |
| § | | |
| V. § | No. 3:23-CV-1356-L-BW | |
| § | | |
| SPECIALIZED LOAN SERVICING, § | | |
| LLC and THE BANK OF NEW § | | |
| YORK MELLON f/k/a THE BANK § | | |
| OF NEW YORK, § | Referred to U.S. Magistrate Judge[1] | |
|     Defendants. § | | |

**MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY
AND ADMINISTRATIVELY CLOSING CASE**

After Defendants filed a Suggestion of Bankruptcy stating that Plaintiff Angel Perez filed Chapter 13 Bankruptcy Case No. 24-33025-mv113 (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the Northern District of Texas, (*see* Dkt. No. 18), the Court directed the parties to state their views concerning the effect *vel non* of the automatic stay in 11 U.S.C. § 362 on these proceedings, (*see* Dkt. No. 19). In response, Defendants contend that the automatic stay applies to these proceedings based on their counterclaims against Plaintiff. (*See* Dkt. No. 20.)

The Court agrees with Defendants' assessment concerning the automatic stay's applicability here. The Court determines that, in the interest of justice and to appropriately control the Court's docket, this case should be stayed so long as the

---

[1] By Special Order No. 3-251, this foreclosure case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned magistrate judge on August 23, 2024. (Dkt. No. 14.)

-1-

automatic stay as to Plaintiff Angel Perez is in effect.  After the stay is lifted or no longer in effect, the Court will enter a new scheduling order.

Section 362(a)(1) of Title 11, United States Code, imposes an automatic stay of any judicial "proceeding against the debtor."  "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor."  *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)).  As a general matter, the automatic stay forestalls any action against debtors in bankruptcy.  *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).  Although the stay does not apply to claims brought *by* the party in bankruptcy, *see Jorrie v. Bank of N.Y. Mellon Trust Co., N.A.*, 740 F. App'x 908, 821 (5th Cir. 2018), it encompasses counterclaims made against that party, *Gardner v. Specialized Loan Servicing, LLC*, No. 3:21-CV-2804-G-BN, 2023 WL 2718432, at *4 (N.D. Tex. Mar. 8, 2023), *accepted*, 2023 WL 2727548 (N.D. Tex. Mar. 30, 2023).  As stated above, Defendants assert counterclaims against Plaintiff in this action.

The Court **ORDERS** that, because Defendants' counterclaims are subject to 11 U.S.C. § 362(a)'s automatic stay protections and, in an exercise of the Court's sound discretion, the case should be stayed, subject to this stay being lifted upon the motion of any party once Section 362's automatic stay is lifted or otherwise is no longer in effect and that all pending, unexpired deadlines are terminated.

Rather than abate the case, the Court will administratively close this case so it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age. <u>The Court administratively closes this case and instructs the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records</u>. Any party may move to reopen the case and lift the stay as appropriate based on further developments.

Defendants must file a status report to advise the Court on the status of the Bankruptcy Case and the continued applicability of the automatic stay by the earlier of (a) **February 1, 2025** or (b) 21 days after an order for relief is entered in the Bankruptcy Case. Additionally, so long as the automatic stay as to Plaintiff Angel Perez remains in effect, Defendants must file a supplemental status every **90 days** after the date of filing its previous status to further advise the Court on the status of the Bankruptcy Case and the continued applicability of the automatic stay to these proceedings.

**SO ORDERED** on October 10, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE