IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANGEL PEREZ,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:23-CV-1356-L-BW** |
| **SPECIALIZED LOAN SERVICING, LLC and THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK,** | § § § § § § | |
| Defendants. | § | |

## ORDER

On February 24, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 44) was entered, recommending that the court **grant** Defendants Specialized Loan Servicing, LLC ("SLS") and Bank of New York Mellon f/k/a Bank of New York's ("Bank") (collectively "Defendants") Amended Motion for Summary Judgment ("Motion") (Doc. 34); **dismiss with prejudice** Plaintiff Angel Perez's ("Plaintiff" or "Mr. Perez") claims; and authorize Defendants to conduct a non-judicial foreclosure on the property at issue. No objections have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Brian McKay determined that summary judgment should be granted on Mr. Perez's breach of contract claim because he "has not demonstrated a breach, as (1) Defendants have fulfilled all contractual conditions for foreclosure, and (2) the loan documents do not impose a contractual duty on Defendants to respond to an untimely qualified written request or to provide an accounting." Report 8 (citation omitted).

Order – Page 1

First, Magistrate Judge McKay determined that Mr. Perez provided no competent summary judgment evidence that would support his breach of contract claim. *Id.* at 7. He found that "Defendants' evidence establishes that they complied with their contractual obligations with respect to their duties to provide notice of default, acceleration of the [Adjustable Rate] Note's maturity, or foreclosure," pursuant to Texas law. *Id.* at 9. The magistrate judge determined that the Adjustable Rate Note (the "Note") requires the holder of the Note to give notice of a payment default before accelerating the obligations in the Note. *Id.* at 8. Additionally, the magistrate judge found that Defendants provided notice on December 9, 2022, through a letter that Plaintiff was in default. *Id.* (citations omitted). Further, the magistrate judge found that the letter advised Plaintiff of the payment amount and warned that failure to pay the total amount due would result in acceleration and foreclosure, which fulfilled Defendants' obligation under the Note and Deed of Trust. *Id.* at 8-9 (citations omitted). Finally, the magistrate judge concluded that Plaintiff was sent additional letters, which advised him that the loan had been accelerated and his property would be sold at a foreclosure sale. *Id.* at 9. (citation omitted).

The magistrate judge determined that Mr. Perez "has not adduced any evidence or otherwise created a factual dispute suggesting that Defendants breached contractual duties in this respect." *Id.* As a result, Magistrate Judge McKay concluded that because Plaintiff failed to raise a genuine dispute of material fact on this claim, Defendants are entitled to summary judgment. *Id.*

Second, the magistrate judge concluded that Defendants are entitled to summary judgment on Mr. Perez's fraud claim. *Id.* at 10. Magistrate Judge McKay determined that Mr. Perez did not produce any evidence in support of the five elements necessary to state a claim for fraud. *Id.* at 10-11 (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d

305, 322 (5th Cir. 2002)). Because the magistrate judge found that Mr. Perez did not provide evidence to show that there was a false statement, specify any loss or damages, or any other evidence that would support his fraud claim, Plaintiff failed to raise a genuine dispute of material fact on his fraud claim. Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

Third, Magistrate Judge McKay concluded that the court should grant summary judgment on Mr. Perez's wrongful foreclosure claim. Report 12. The magistrate judge determined that Plaintiff failed to meet the first element—that there must be a defect in the foreclosure sale proceedings—and agreed with Defendants' contention that summary judgment is appropriate because there has been no foreclosure. *Id.* The magistrate judge determined that because Defendants proved the foreclosure sale was halted by a state court's temporary restraining order, and Mr. Perez provided no evidence to establish that a foreclosure has occurred, Defendants are entitled to summary judgment on this claim. *Id.* (citations omitted).

Fourth, the magistrate judge determined that summary judgment should be granted with respect to Plaintiff's claim to quiet title. *Id.* at 13. In analyzing the elements of this claim, he concluded that: (1) Defendants' evidence establishes they have a valid claim to the property in question, (2) the deed conveying the property to Plaintiff reserved a superior interest in favor of the lender, and (3) the Bank has traced its acquisition of the rights under the Deed of Trust, including the right to exercise the power of sale. *Id.* (citations omitted). As a result, he concluded that because the Bank possesses a right to foreclose on the property, it is acting within its rights. *Id.* (citations omitted). Therefore, Plaintiff fails to raise a genuine dispute of material fact, and Defendants are entitled to judgment as a matter of law on Plaintiff's claim to quiet title.

Fifth, Magistrate Judge McKay addressed Defendants' Motion on their counterclaim for declaratory judgment. "In their answer and counterclaim, Defendants seek a declaration that Defendants are entitled to hold a non-judicial foreclosure sale." *Id.* (citing Doc. 1-3). The magistrate judge determined that Defendants have shown that Plaintiff has failed to raise a genuine dispute of material fact regarding their counterclaim. *Id.* at 14. Accordingly, Defendants are entitled to judgment as a matter of law regarding their request for a declaratory judgment. In his analysis of the elements for a non-judicial foreclosure, the magistrate judge concluded as follows:

> Defendants have submitted competent summary judgment evidence establishing that a debt exists and that the debt was secured by a lien. As explained above, [the Bank] acquired the lender's interest in the debt. [Mr.] Perez promised to make regular payments, and the Loan allowed the lender to accelerate maturity of the loan upon default. [Mr.] Perez is in default, as he failed to make a payment in September 2022 and has not made any payment since, and Defendants have given [Mr.] Perez all necessary notices of acceleration and foreclosure. . . . Further, the lien securing [Mr.] Perez's loan is consistent with Art. 16, § 50(a)(6). Defendants submitted evidence of the loan documents relating to the Property signed by [Mr.] Perez. There is no evidence suggesting that [Mr.] Perez's assent was involuntary (and he has never alleged otherwise) . . . and the Deed of Trust establishes that Perez had no spouse at the time he entered into the Loan. Based on the evidence presented, the undersigned concludes that Defendants have established beyond peradventure they are entitled to foreclosure under a security instrument with a power of sale.

*Id.* at 14-15 (citations omitted). Further, he recommended that the court grant Defendants' counterclaim for a declaratory judgment. *Id.* at 15.

Magistrate Judge McKay ultimately recommended that the court **grant** Defendants' Motion, **dismiss with prejudice** Plaintiff's claims, and **authorize** a non-judicial foreclosure of the real property at 710 Pleasant Valley Road in Garland, Texas, legally described as "Lot 18, Block 4, of STAR CREST ESTATES, an Addition to the City of Garland, Dallas County, Texas,

according to the Plat thereof recorded in Volume 42, Page 133, of the Map Records of Dallas County, Texas."

Having considered the Report, Motion, pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion, **dismisses with prejudice** this action and Mr. Perez's claims for breach of contract, fraud, wrongful foreclosure, and to quiet title, and with respect to Defendants counterclaims, it **determines** they are entitled to judgment as a matter of law on these claims. Further, the court **authorizes** and **declares** that Defendants may conduct a non-judicial foreclosure of the real Property at 710 Pleasant Valley Road in Garland, Texas, legally described as "Lot 18, Block 4, of STAR CREST ESTATES, an Addition to the City of Garland, Dallas County, Texas, according to the Plat thereof recorded in Volume 42, Page 133, of the Map Records of Dallas County, Texas," pursuant to Texas Property Code. §§ 51.002, 51.0025. Moreover, any requests for attorney's fees by Defendants must be filed within **14 days** of this Order, detailing the services rendered and expenses incurred, along with supporting authority for and documentation of all fees and costs requested. *See* Fed. R. Civ. P. 54(d)(2). The court reminds the parties that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**It is so ordered** this 8th day of April, 2025.

Sam A. Lindsay
United States District Judge

according to the Plat thereof recorded in Volume 42, Page 133, of the Map Records of Dallas County, Texas."

Having considered the Report, Motion, pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion, **dismisses with prejudice** this action and Mr. Perez's claims for breach of contract, fraud, wrongful foreclosure, and to quiet title, and with respect to Defendants counterclaims, it **determines** they are entitled to judgment as a matter of law on these claims. Further, the court **authorizes** and **declares** that Defendants may conduct a non-judicial foreclosure of the real Property at 710 Pleasant Valley Road in Garland, Texas, legally described as "Lot 18, Block 4, of STAR CREST ESTATES, an Addition to the City of Garland, Dallas County, Texas, according to the Plat thereof recorded in Volume 42, Page 133, of the Map Records of Dallas County, Texas," pursuant to Texas Property Code. §§ 51.002, 51.0025. Moreover, any requests for attorney's fees by Defendants must be filed within **14 days** of this Order, detailing the services rendered and expenses incurred, along with supporting authority for and documentation of all fees and costs requested. *See* Fed. R. Civ. P. 54(d)(2). The court reminds the parties that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**It is so ordered** this 8th day of April, 2025.

Sam A. Lindsay
United States District Judge